■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT J. ENRIGHT, Respondent, v. VINCENT R. MANCUSI, Warden, Appellant.— Order unanimously reversed, writ of habeas corpus dismissed, and relator remanded to the custody of the Warden of Attica State Prison. Memorandum: While the warning then prescribed by section 335-b Code of Criminal Procedure was not given to the defendant at the time of his arraignment, no harm or prejudice was occasioned to him since the required warning was given at the time of the court's acceptance of his plea of guilty. (See *People* v. *Porter*, 14 N Y 2d 785; *People ex rel. Butler* v. *Fay*, 27 A D 2d 663; *People ex rel. Gallagher* v. *Follette*, 27 A D 2d 664.) (Appeal from order of Wyoming County Court, remanding relator to Queens County for further proceedings.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.

■ In the Matter of SUSAN BALDUCCI, Individually and as Mother of NICHOLAS BALDUCCI, an Infant, Respondent, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Order insofar as appealed from unanimously reversed, without costs, and motion, insofar as it grants permission to Susan Balducci to file a late notice of claim, denied. Memorandum: The court had no power under section 608 of the Insurance Law to grant the motion of Susan Balducci to file a claim derivative or otherwise. (Appeal from certain parts of an order of Herkimer Special Term granting leave to file late claim.) Present — Williams, P. J., Bastow, Henry, Del Vechhio and Marsh, JJ.

■ CLARENCE D. PAYNE et al., Doing Business as PAYNE CONSTRUCTION COMPANY, et al., Respondents, v. JULIA EVANS, Appellant.— Case held pending appointment of a legal representative of the estate of the deceased defendant. (Appeal from judgment and order of Oneida Special Term granting in part plaintiffs' motion for summary judgment in contract action.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.

■ In the Matter of PAUL GEARY, Appellant, v. SYRACUSE HOUSING AUTHORITY, Respondent.— Judgments unanimously affirmed, without costs. Memorandum: A pending action of eviction in Syracuse City Court will be dispositive of all the matter raised in the petitions. There is no reason why that action cannot be tried promptly. (Appeal from judgment of Onondaga Special Term dismissing petition in article 78 proceedings; also appeal from judgment dismissing petition in a second proceeding.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.